UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-68-KAC-DCP |
| | ) | |
| KENNY EUGENE McILLWAIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kenny Eugene McIllwain's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 21], filed on October 4, 2024.

Defendant requests that the Court continue the plea deadline and trial date [Doc. 21]. In support of his motion, Defendant notes that on June 25, 2024, the Court held an initial appearance and appointed his counsel [*Id.* ¶ 1]. He states that his counsel and the Government are in good communication about the case [*Id.* ¶ 2]. Defendant indicates that on October 2, 2024, defense counsel received lab reports of forensic testing of the narcotics at issue and needs additional time to review the reports [*Id.* ¶ 3]. Defendant understands that the time between filing the motion and a rescheduled court date is fully excludable for speedy trial purposes [*Id.* ¶ 5]. He represents that the Government does not oppose a continuance [*Id.* ¶ 6]. He requests a continuance of approximately sixty days [*Id.* at 2].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. §

3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defendant and his counsel need more time to review discovery, continue conferring with the Government, and otherwise prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the November 12, 2024 trial date.

The Court therefore **GRANTS** Defendant Kenny Eugene McIllwain's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 21**]. The trial of this case is reset to **February 18, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 4, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Kenny Eugene McIllwain's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 21**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 18, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 4, 2024**, and the new trial date of **February 18, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 21, 2025**;

(5) the deadline for filing motions *in limine* is **February 3, 2025**;

2

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 4, 2025, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 7, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge